Matthew Stiegler
Supervisor, Federal Litigation Unit
Jaclyn Mason
Assistant District Attorney
Philadelphia District Attorney's Office
3 South Penn Square
Philadelphia, Pa 19107

September 29, 2022

Re: *Commonwealth v. Dennis B. Johnson, CP-51-CR-0007319-2009*

Dear Mr. Stiegler and Ms. Mason:

As you know, I represented Dennis B. Johnson in his 2012 murder trial. I am submitting this letter to you jointly with Mr. Johnson's current attorneys in support of his petition for habeas relief.

At Mr. Johnson's trial, two witnesses, Curtis Smith and Ozzie Clark, testified to seeing Johnson rob and shoot Kenyatta Smith in 2008 outside of a corner store on 24th and Lehigh in Philadelphia. Those witnesses had a number of credibility issues, which I attempted to highlight.

Former Detective John McDermott also testified. During his testimony Detective McDermott stated, for the first time, that a third witness named Amin Vicks told him that he saw Johnson shoot Smith, and that Curtis Smith was also there. I did not object to Detective McDermott's testimony regarding the second interview with Amin Vicks. Mr. Vicks did not testify at the trial.

This was the first time that I learned of this alleged second interview. In discovery I was provided with one Philadelphia Police Activity Sheet dated May 15, 2008. That Activity Sheet memorialized an attempted interview with Vicks. It stated that Vicks was interviewed while in custody at the Curran-Fromhold Correctional Facility, and that he refused to cooperate. I was provided with no other information regarding statements made by Amin Vicks, and in particular no witness statements or records police interviews with Vicks.

Upon review, I have concluded that I had no effectively strategic reason for failing to object to Detective McDermott's testimony. That testimony is clearly hearsay, and it was also a violation of Johnson's rights under the confrontation clause of the United States Constitution. This testimony was very prejudicial to Johnson because it bolstered, through a law enforcement witness, the two eyewitnesses, who were shaky at best. If called to testify at a hearing, I would testify accordingly.

Along with Mr. Johnson's current attorneys, I request that you consider this information in determining your position in Mr. Johnson's case.

Sincerely,

Michael Coard, Esq.

Joined by:

Nilam A. Sanghvi
Amelia Maxfield
Pennsylvania Innocence Project

Aren Adjoian
Federal Community Defender Office

*Counsel for Dennis B. Johnson*