# First Judicial District of Pennsylvania

*51CR00073192009*
*Dennis Johnson*

*Hearing Volume 1*
*July 09, 2013*

CRS
Court Reporting System

*First Judicial District of Pennsylvania*
*100 South Broad Street, Second Floor*
*Philadelphia, PA 19110*
*(215) 683-8000 FAX:(215) 683-8005*

*Original File 7-9-13^DENNIS^JOHNSON.txt, 6 Pages*
*CRS Catalog ID: 13090516*

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

- - -

COMMONWEALTH : CP-51-CR-0007319-2009
:
:
vs. :
:
DENNIS JOHNSON :

- - -

Tuesday, July 9, 2013

- - -

Courtroom 1107 - Criminal Justice Center
Philadelphia, Pennsylvania

- - -

PCRA

- - -

**BEFORE**: THE HONORABLE ROSE MARIE DEFINO-NASTASI, J.

- - -

**APPEARANCES**:

CARI MAHLER, ESQ.
Assistant District Attorney
For the Commonwealth

NORRIS GELMAN, ESQ.
For the Defendant



Commonwealth vs. Johnson

**THE COURT**: This is a PCRA petition. It is here for decision.

The claims were that, one, Trial Counsel was ineffective for failing to object to the jury charge, failure to define robbery, second degree murder charge, the underlying felony, second degree murder.

The Court defined robbery. I actually instructed them that I was going to define robbery after I think second degree murder, so that it would be clear and it was defined. So that has no merit.

Trial Counsel was ineffective for failing to object to Detective McDermott's testimony. There is some testimony from Detective McDermott regarding an Amin Vicks who didn't testify at the trial and the detective was describing the course of the investigation during his testimony and in that, he states that they took a statement from Amin Vicks. The first



Commonwealth vs. Johnson

time he came in, he was uncooperative. He comes back a second time and he indicates another person that was present on the scene to show that is how they got to that person to interview him but there is the statement in there that the Defendant was the shooter. That should not have been allowed in.

However, there are two other eyewitnesses that identified the Defendant as the shooter. So it shouldn't have been in but there was no prejudice to the Defendant because it would have been harmless error and I will not say more about that because the statement -- even the way it is typed up doesn't make sense. I don't want to say anything more about it. I think it was typed incorrectly. I had problems with that Stenographer before. That Stenographer had written things that were incorrect, that I know were incorrect and when I read it, I thought I would never let that get in but I



Commonwealth vs. Johnson

don't know and the statement, itself, doesn't make sense and it says Amin Vicks was there or something like that. It just didn't make sense but anyway, we don't have to get into all of that but I felt compelled to say it for some reason. When I read the statement, I thought to myself I didn't think it came out this way, and let me just state for the record that it was not this Stenographer.

The third claim, Trial Counsel was ineffective for failing to object to testimony of the medical examiner who did not perform the autopsy but the medical examiner came to their own independent conclusion. So the Court finds that has no merit.

Trial Counsel was ineffective for failing not to request a Kloiber charge. The witnesses, when initially interviewed, did not identify the Defendant; however, they did at a later time and they indicated at court that

the reason they didn't the first time was because they were afraid but the bigger issue is they knew him. They knew him for years. So there is no Kloiber issue in the case. So that has no merit and, finally, Trial Counsel's cumulative ineffectiveness. You can't cumulate meritless issues, so there could be no cumulative ineffectiveness here and I believe that's it.

Did I cover all of the issues?

**MR. GELMAN**: Yes.

**MS. MAHLER**: Yes.

**THE COURT**: So the PCRA is denied and I will give it thirty days for formal dismissal.

**MR. GELMAN**: You will send a 907 out?

**THE COURT**: 907 to be sent, yes.

**COURT CRIER**: 8/13, Your Honor.

- - -

(Whereupon, the proceedings were





adjourned, at this time.)

- - -