# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DENNIS JOHNSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 15-cv-4965 |
| | : | |
| SCOTT NICKELSON, Secretary, Pennsylvania Department of Corrections, et al., | : | |
| | : | |
| Respondents. | : | |

## MOTION REQUESTING DECISION

Petitioner Dennis Johnson respectfully requests that the Court issue a final decision in this matter regarding the Report and Recommendation recommending habeas relief issued over three years ago. In support, Mr. Johnson states as follows:

1. Pending before the Court is Mr. Johnson's petition for a writ of habeas corpus, as supplemented and amended. The Court initially referred the proceedings to the Honorable M. Faith Angell, United States Magistrate Judge, for a report and recommendation. ECF No. 13 (Referral Order). Shortly thereafter, the Court vacated its original referral order and ordered that the proceedings instead be referred to the Honorable Lynne A. Sitarski, United States Magistrate Judge. ECF No. 20 (Superseding Referral Order).

2.      Claim IV[1] of the petition alleges that Mr. Johnson's Sixth Amendment rights were violated by trial counsel's failure to object to inadmissible hearsay testimony from a police detective that Amin Vicks, who did not testify, identified Mr. Johnson as the perpetrator in this case. ECF No. 80 at 39–40 (Memorandum of Law). As the Pennsylvania Superior Court ruled in PCRA proceedings, this supposed out-of-court statement "was inadmissible on both hearsay and confrontation clause grounds." *Commonwealth v. Johnson*, No. 2706 RFS 2013, 2015 WL 6169417, at *7 (Pa. Super. Ct. Feb 23, 2015).[2]

3.      On February 3, 2023, the Magistrate Judge concluded that Mr. Johnson is entitled to relief on Claim IV, and thus issued a report and recommendation recommending that Mr. Johnson be granted habeas relief. (ECF No. 89 at 1) (R. & R.). Defense counsel's failure to object to this inadmissible evidence forms the basis for the Magistrate Judge's recommendation that relief be granted. Ineffective assistance of counsel claims are evaluated under the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires the

---

[1] As numbered in Mr. Johnson's memorandum of law, ECF No. 80 at 32–36.

[2] Moreover, there is reason to conclude Vicks never made such a statement; neither the Philadelphia Police Department's file nor the Philadelphia District Attorney's Office's file contains any record of any statement by Vicks identifying Mr. Johnson as the shooter. *See* ECF No. 86 at 20 (Response to Petition for Habeas Corpus).

defendant to establish both that counsel performed deficiently and that the deficient performance resulted in prejudice.

4.      In a well-reasoned, comprehensive R. & R., the Magistrate Judge correctly determined that Mr. Johnson's right to the effective assistance of counsel was violated. Applying the "highly deferential" standard for evaluating counsel's performance, ECF No. 89 at 9 (quoting *Strickland*, 466 U.S. at 689), the Magistrate Judge first ruled that there is "no question" that trial counsel performed deficiently in failing to object to Detective McDermott's testimony regarding the supposed out-of-court identification. *Id*. at 9; *see also id.* at 10 ("I have no trouble concluding that the first prong of *Strickland*'s test for ineffective[] assistance of counsel has been met.").[3]

5.      The Magistrate Judge next correctly determined that Mr. Johnson was prejudiced, after undertaking a thorough and detailed review of the evidence. *Id.* at 10–13. The Magistrate Judge explained that the inadmissible Vicks identification was significant. The statement, "admitted via a law enforcement officer, was unequivocal and seemingly devoid of self-interest." *Id.* at 13. By contrast, the remaining evidence—consisting entirely of two separate eyewitness

---

[3] As the Magistrate Judge noted, trial counsel submitted a letter making clear that he had no strategic reason for failing to object. ECF No. 89 at 10 (citing ECF No. 86–1). The Magistrate Judge further noted that Respondents agreed to relief on Mr. Johnson's ineffective assistance of counsel claim. *Id.* at 8.

identifications—was extremely weak. The first, made by Ozzie Clark, was "shaky, at best," having been made a year-and-a-half after the murder following an initial failure to identify anyone. *Id.* at 10–11, 12. As the Magistrate Judge also noted, the eventual identification was made even though Clark made clear that he never saw the shooter's face and based it on features that were "not visual." *Id.* at 11, 12. The second was made by Curtis Smith (who Mr. Johnson has alleged is the actual killer), who "had a strong motive to identify someone else, such as Petitioner, as the shooter."). *Id.* at 13; *see also id.* (noting that "Clark and Curtis Smith differed substantially on key details of the crime"). The Magistrate Judge concluded that the improper admission of the Vicks identification "made it reasonably probable that the result of Petitioner's trial would have been different if trial counsel had objected." *Id.*

6.    Lastly, the Magistrate Judge properly evaluated Mr. Johnson's habeas claim through the lens of the Antiterrorism and Effective Death Penalty Act. *Id.* at 5–6. Because this claim was decided on the merits in state PCRA proceedings, habeas relief "may be granted only if: (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, 'clearly established Federal law, as determined by the Supreme Court of [the] United States;' or (2) the adjudication resulted in a decision that was 'based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.'" *Id.* at 5 (quoting 28 U.S.C. § 2254(d)(1)–(2)). As the Magistrate Judge found, the state court unreasonably determined that the Vicks identification was "merely cumulative" of the other two identifications and unreasonably failed to "account for [] facts undermining the credibility of Clark's and Curtis Smith's testimony." *Id.* at 12, 13.

7.     It has now been more than three years since the Magistrate Judge recommended that Mr. Johnson be granted habeas relief. While Mr. Johnson submits that the Magistrate Judge's well-reasoned R. & R. is correct, and thus urges the Court to adopt it in full, he files this motion not simply because he continues to be incarcerated pursuant to an unconstitutional conviction. Mr. Johnson also makes this request because he is innocent; his continued incarceration is therefore even more fundamentally unjust.

8.     As Mr. Johnson has previously explained, his conviction rested solely on the Curtis Smith, Clark, and Vicks identifications. ECF No. 80 at 10–14. Since trial, eyewitness Clark has recanted his identification of Mr. Johnson and averred that Curtis Smith was the true killer; multiple additional witnesses have averred that Curtis Smith confessed to the killing; and Mr. Johnson has sought and obtained DNA testing on the victim's pockets (which the shooter reached into during the robbery that precipitated the shooting) that excludes Mr. Johnson as a contributor but includes the DNA of at least two unknown individuals, neither of

whom is Mr. Johnson. *Id.* at 15–19. Mr. Johnson's innocence is therefore supported by both eyewitness accounts and unambiguous scientific evidence.

9. Mr. Johnson respectfully requests that the Court issue a final decision in this matter. "Society views the conviction of an innocent person as perhaps the most grievous mistake our judicial system can commit." *Satterfield v. District Attorney Philadelphia*, 872 F.3d 152, 154 (3d Cir. 2017). Our judicial system has made just such a mistake in Mr. Johnson's case, due in significant part to the constitutional error found by the Magistrate Judge. For each of the above reasons, Mr. Johnson respectfully requests that the Court issue a final order granting a writ of habeas corpus that directs the Commonwealth to retry or release him within 180 days, as recommended by the Magistrate Judge.

Respectfully submitted,

/s/ Aren Adjoian
Aren Adjoian
Supervisory Assistant Federal Defender
Federal Community Defender Office
 for the Eastern District of Pennsylvania
The Curtis, Suite 545-W
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

Dated: March 9, 2026

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused the forgoing document to be served upon the following individual via this Court's ECF System:

Jaclyn Mason
Philadelphia District Attorney's Office


/s/ Aren Adjoian
Aren Adjoian

Dated: March 9, 2026