## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENNIS JOHNSON                              :
             PETITIONER   :
        V.                     :          CIVIL ACTION NO. 15-4965
                             :
SCOTT NICKELSON, *ET AL.*                   :
           RESPONDENTS   :

### MOTION TO ESTABLISH A BRIEFING SCHEDULE

As is set forth in greater detail below, the Pennsylvania Office of Attorney General ("OAG") asks this Court to establish a briefing schedule so that a complete response to the pending habeas petition can be provided. To accommodate that briefing schedule, OAG asks the Court to continue the evidentiary hearing as it relates to Claim IV that is currently scheduled for July 17, 2026. Instead, OAG suggests that the July 17, 2026 hearing be used to litigate the county district attorney's Motion to Withdraw.

On November 2, 2010, petitioner was sentenced to life in prison for the murder of Kenyatta Smith during a gunpoint robbery. In 2015, Johnson filed a petition for writ of habeas corpus in this Court. Over the more than a decade since, petitioner has filed multiple amended petitions. The most recent amendment, which was filed on May 31, 2022, contains eleven claims. Doc. 80. On November 4, 2022, the Philadelphia District Attorney's Office submitted a response addressing only Claim IV in the petition, because the county district attorney

conceded that the claim was meritorious.  Doc. 86.  On June 5, 2026, the county district attorney reversed course, admitting that "the prior response misstated parts of the record" and sought permission to withdraw the 2022 Response.  Doc. 118.

Prior to the county district attorney's change of position, this Court issued an order requesting that OAG participate in the evidentiary hearing that had been scheduled.  Doc. 97.  Since that time, the undersigned has been working diligently to review the facts related to the criminal investigation and the litigation that has occurred over these many years.  Due to scheduling issues, the undersigned did not receive copies of the prosecutor's files until May 26, 2026.  At that point, she was able to start the process of reviewing the police investigation, the trial, the appeal, and the three PCRAs underlying the current litigation.  Now having had two weeks to familiarize herself with this record, several things have become clear.

The county district attorney's response to the operative petition is seriously deficient.  The county district attorney's Motion to Withdraw sets forth serious errors in the concession, which need not be restated here.  *See* Doc. 118.  But the misstatements noted in the Motion only tell part of the story.  The response contains both factual and legal errors and omissions.  These errors had a significant impact on the conclusions reached in the Report and Recommendation.

OAG, therefore, requests permission to brief the issues that are before this Court.  Though the Report and Recommendation focuses singularly on Claim IV,

2

OAG believes that a proper response would need to address all eleven claims. Notably, the Memorandum of Law submitted by petitioner addresses Claim IV in very summary fashion. Rather than discussing *Strickland* prejudice, the memorandum merely "incorporates" the arguments from claims II and III by reference, without explaining that none of those allegations had been presented to the state court during the PCRA appeal. Ultimately, given the interrelated nature of petitioner's claims, a full response addressing each of the claims is the best way to ensure that the Court has a full sense of the record in this case.

Currently, the Court has scheduled an evidentiary hearing for July 17, 2026. Given the current state of the pleadings, OAG believes that it would be most prudent to reschedule the evidentiary hearing relating to Claim IV for a later date. A complete response in this matter will provide the Court with the vital information necessary to evaluate the nature and scope of any hearing.

Claim IV is an allegation of ineffective assistance of counsel that is supported by a series of affidavits that have never been challenged in any court. Though the county district attorney suggested that this claim was presented to the state court during the first PCRA, that isn't true. The state court reviewed a claim of ineffectiveness in 2015. That court concluded that the evidence was cumulative because, based on the record before it, it was. The series of affidavits and recantations relied on by petitioner that form the basis of his prejudice argument

3

here were not obtained until three years after the state court's decision. The affidavits that formed the basis of the county district attorney's concession are entirely untested. Indeed, the parties had the opportunity to have all of these allegations reviewed by the PCRA Court, but they chose to withdraw that PCRA and proceed in this alternate venue. The significant procedural problems with Claim IV impact both the viability of the claim before this Court and the availability of an evidentiary hearing.

Given the scope of petitioner's memorandum of law and the extensive allegations, OAG requests thirty days to complete a response in this matter. Under local rules, petitioner would have a right to submit a reply. *See* Local Rule 9.3(C). Accordingly, OAG respectfully requests that this Court adopt a briefing schedule for the parties, as set forth in the proposed order.

Furthermore, if there is an evidentiary hearing, OAG would like the opportunity to litigate the scope of that hearing. Perhaps most simply, OAG does not intend to concede that trial counsel had no strategic reason for not objecting. Accordingly, testimony from defense counsel and the trial prosecutor may be necessary. Furthermore, petitioner has questioned what Vicks said to Detective McDermott, so it would seem that Detective McDermott's testimony may also be relevant. In order to fully prepare for this hearing, OAG will need enough time to

not only review the files in this case, but to also to do our own investigation, as is required with an evidentiary hearing of this type.

Ultimately, however, OAG understands that this Court has cleared its calendar and has already continued the hearing once.  Respecting the Court's schedule, perhaps it makes sense to litigate the county district attorney's Motion to Withdraw on July 17th, instead.

The county district attorney has presented this Court with serious allegations that other attorneys did not fulfill their duty of candor to the tribunal and that the Magistrate Judge relied on those misstatements.  These serious allegations merit further inquiry.[1]  As this Court saw in the *Wharton* case, the signatory on a pleading sometimes bears less responsibility for its drafting than is apparent from the face of the document.  *Wharton v. Vaughn*, No. 01-CV-6049, 2022 WL 4133291, at *3-4 (E.D. Pa. Sept. 12, 2022), *aff'd sub nom. Wharton v. Superintendent Graterford SCI*, 95 F.4th 140 (3d Cir. 2024).  It seems most prudent to fully evaluate the allegations presented in the county district attorney's motion.

---

[1]  At this time, OAG expresses no opinion as to the county district attorney's request for permission to withdraw their response, nor does OAG express any opinion regarding whether the county district attorney should be permitted to file an amended response.

However this Court ultimately decides to handle the county district attorney's Motion to Withdraw, OAG respectfully requests that this Court set a briefing schedule and continue the evidentiary hearing relating to claim IV of the petition until after the competition of the briefing in this case.  A proposed order is attached.

Respectfully submitted,

*/s/ Susan E. Affronti*
SUSAN E. AFFRONTI
Chief Deputy Attorney General
Supreme Court No. 88010

HUGH BURNS
Assistant Chief Deputy Attorney General
Appeals Section

Office of Attorney General
Criminal Law Division
Appeals Section
1000 Madison Avenue, Suite 300
Norristown, PA 19403
Phone: (717) 437-6727
saffronti@attorneygeneral.gov

KIRSTEN HEINE
Executive Deputy Attorney General
Criminal Law Division

DAVID W. SUNDAY, JR.
Attorney General

Date:  June 11, 2026

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENNIS JOHNSON                                      :
                             PETITIONER  :
             V.                          :        CIVIL ACTION No. 15-4965
                                         :
SCOTT NICKELSON, *ET AL.*                 :
                         RESPONDENTS  :

## [PROPOSED] ORDER

AND NOW, this          day of                    , 2026, it is hereby

ORDERED that:

1. The Office of Attorney General has thirty days from the date of this Order to

   file a brief in response to the amended petition;

2. Petitioner has thirty days from the date of OAG's filing to submit a

   response;

3. The evidentiary hearing relating to Claim IV that was scheduled on July 17,

   2026 will be rescheduled for a later date.


                              BY THE COURT:


                              _____

                              Honorable Paul S. Diamond

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENNIS JOHNSON                              :
                    PETITIONER   :
          V.                     :          CIVIL ACTION NO. 15-4965
                                 :
SCOTT NICKELSON, *ET AL.*        :
                    RESPONDENTS  :


## CERTIFICATE OF SERVICE

I, Susan E. Affronti, Senior Deputy Attorney General, hereby certify that on

June 11, 2026, the foregoing was served through this Court's electronic filing

system.


          /s/ Susan E. Affronti
          SUSAN E. AFFRONTI
          Chief Deputy Attorney General