## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS JOHNSON, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. No. 15-4965 |
| | : | |
| SCOTT NICKELSON, et al., | : | |
| Respondents. | : | |

# O R D E R

State prisoner Dennis Johnson is serving a life sentence for 2009 second degree murder, robbery, and firearms convictions.  Commonwealth v. Johnson, No. 2706 EDA 2013, 2015 WL 6169417, at *2 (Pa. Super. Ct. Feb. 23, 2015).  He unsuccessfully appealed his conviction and twice sought relief under the Pennsylvania Post Conviction Relief Act.  Id; 42 Pa. C. S. § 9501 et seq.  The Philadelphia District Attorney's Office opposed the granting of relief.  Commonwealth v. Johnson, No. 1069 EDA 2017, 2018 WL 258903 at *2 (Pa. Super. Ct. Jan 2, 2018), aff'd, 189 A.3d 991 (table) (Pa. July 25, 2018).  The state court denied both PCRA Petitions.  Id.; Johnson, 2015 WL 6169417.

In 2015, Johnson filed a *pro se* habeas Petition, which was assigned to me.  (Doc. No. 1); 28 U.S.C. § 2254.  In 2016, he filed a second, counseled Petition, and I referred the matter to Magistrate Judge Lynne A. Sitarski for a Report and Recommendation.  (Doc. Nos. 12, 20.)  The DAO opposed any grant of relief.  (Doc. Nos. 33–34.)  In 2022, after I had stayed the § 2254 litigation so that Johnson could exhaust his state remedies, he withdrew his third PCRA appeal. (Doc. No. 68 ¶ 12.)  Johnson again amended his § 2254 Petition and I lifted the stay.  (Doc. Nos. 68, 71.)  At that point, for the first time in some twelve years of litigation, the DAO conceded that relief was warranted based on trial counsel's ineffectiveness—one of Petitioner's eleven habeas claims.  (Doc. No. 86.)

The DAO urged that trial counsel should have objected to police testimony that eyewitness Amin Vicks identified Johnson as the shooter. (Id.) Although the PCRA Court agreed that Vicks' identification was inadmissible on hearsay and confrontation clause grounds, that Court ruled that trial counsel's error was harmless because the hearsay statement was "merely cumulative" of other evidence: eyewitness testimony from Curtis Smith and Ozzie Clark, Jr. Johnson, 2015 WL 6169417 at *7. The DAO concluded, however, that Vicks' hearsay statement was prejudicial because this other evidence "suffered from serious flaws." (Doc. No. 86 at 9.)

According to the DAO, Clark failed to identify Johnson until eighteen months after the crime and his identification was, inter alia, "not visual" and "not beyond a reasonable doubt" because the shooter was wearing a hat. (Id. at 15.) Smith's testimony was ostensibly flawed because he was also a suspect and "had a strong self-preservation interest to implicate Johnson as the shooter." (Id. at 16.) The DAO also cited Clark's and Vicks' 2018 affidavits, in which Clark averred that Smith, not Petitioner, was the real shooter. (Id. at 16, 20.) The 2022 written concession was signed by Assistant District Attorney Jaclyn Mason. (Id. at 22.)

Judge Sitarski recommended that I grant § 2254 relief based on the ineffectiveness claim. (Doc. No. 89.)

On May 7, 2026, I scheduled an evidentiary hearing for June 18, at which I would address the substantive merits of Johnson's Petition. (Doc. No. 97.) The Pennsylvania Office of Attorney General agreed to my request that it appear as amicus. (See id. (citing Johnson v. Mahanoy, 144 F.4th 178, 187 (3d Cir. 2025) ("The District Court did not abuse its discretion by weighing the views of the Attorney General, as amicus, against the [District Attorney]'s" when the DAO conceded relief)).) I granted the joint request of Johnson and the DAO to continue that hearing until July 17, 2026. (Doc. Nos. 103–04.) On May 20, 2026, I ordered that Petitioner present live

2

testimony on July 17th from the three identification witnesses: Ozzie Clark, Curtis Smith, and Amin Vicks. (Doc. No. 110.)

On June 5, 2026, the DAO moved to withdraw its 2022 concession. (Doc. No. 118.) Each of four DAO attorneys who had no "prior involvement" in the case—Peter Andrews, David Napiorski, Steven Wildberger, and Katherine Ernst—signed the Motion, having "determined that the prior response [authored by former ADA Jaclyn Mason and supervised by ADA Matthew Stiegler] contained material misstatements and that relief on Johnson's [ineffectiveness] claim was not warranted." (Id. at 3–4.) According to the Four, the "most significant error" in the 2022 concession was Mason's statement that the state court had overlooked that Ozzie Clark "testified that he did not visually identify Johnson." (Id. at 4.) In fact, Clark had repeatedly testified at trial that he saw Johnson's face. (Id.) The Four identified four other errors, two of which Judge Sitarski had identified in her Report and Recommendations. (Id.) In a footnote, the Four stated without explanation that Ms. Mason was no longer employed by the DAO. (Id. at 3 n.1.)

Johnson does not object to the DAO's request to withdraw the 2022 concession. (Doc. No. 120 at 3.) Rather, he argues that because the "assertions identified by [the DAO] in its Motion . . . did not induce any detrimental reliance by" Judge Sitarski, no substitute response would "change anything about the Magistrate Judge's analysis or conclusion." (Id.)

On June 11 (six days after the DAO filed its Motion to Withdraw), the OAG asked me to continue the July 17th evidentiary hearing and so allow the OAG thirty days to investigate and address all eleven of Petitioner's claims. (Doc. No. 119.) The OAG charged that the DAO's 2022 concession "is seriously deficient," and that the DAO's June 5, 2026 Motion failed to point out "factual and legal errors and omissions" which "had a significant impact" on Judge Sitarski's

3

analysis. (Id. at 2.) It thus appears that the OAG has suggested that in their June 5 Motion, the Four themselves may have sought to mislead the Court.

Johnson takes no position on the continuance request. (Doc. No. 121.) Remarkably, although the DAO agreed with the request, it did not address the OAG's apparent accusation of misconduct. (See Doc. No. 122.) Rather, in a footnote, the DAO states "that since the filing of its Motion to Withdraw, it has recognized [again, without explanation] that some of the assistant district attorneys involved in the case may now have an actual or apparent conflict of interest." (Id. at 2 n. 1.) The DAO thus replaced the four attorneys who signed the Motion to Withdraw with Thomas Gaeta, a supervisor in the Civil Litigation Unit. (Id. at 3.) Mr. Gaeta has informed the Court that he represents both Petitioner and Respondents—thus replicating the breakdown of the adversarial system recently condemned by the Third Circuit. (See Docket); Wharton v. Superintendent Graterford SCI, 95 F.4th 113, 125 (3d Cir. 2024) ("Because the adversarial process broke down after the DAO's about-face, the District Court had reason to be skeptical of a proposed stipulation that would have . . . impaired the Court's ability to review evidence."). The four signing attorneys immediately sought to withdraw their appearances before me. (Doc. Nos. 123–26.) Even more remarkably, in their Withdrawal of Appearance form, Law Division Chief of Training Katherine Ernst and Law Division Assistant Supervisor Steven Wildberger state that they "believe, based on their best professional judgment, that the Philadelphia District Attorney's Office may have a conflict of interest in this case." (Doc. No. 123.)

I cannot determine what has transpired. I do not know why Ms. Mason is no longer employed by the DAO. Nor do I understand what "conflict[s] of interest" burden the Four, or the "conflict of interest" Ms. Ernst and Mr. Wildberger allege burdens the entire District Attorney's Office. (Doc. No. 123.) I cannot address the merits of the § 2254 Petition until I have determined

4

what has been alleged and argued by the DAO and its attorneys, what representations have been made to the Court, and what has actually occurred.  I will thus conduct a hearing on July 17, 2026 at which these matters will be addressed.  I expect, *inter alia*, to hear live testimony from:

    i.  Jaclyn Mason
    ii.  Matthew Stiegler
    iii.  David Napiorski
    iv.  Katherine Ernst
    v.  Steven Wildberger
    vi.  Peter Andrews

\*               \*               \*

**AND NOW**, this 30th day of June, 2026, upon consideration of the Philadelphia District Attorney's Motion to Withdraw Response (Doc. No. 118), Petitioner's Response (Doc. No. 120); The Pennsylvania Attorney General's Motion to Establish a Briefing Schedule (Doc. No. 119), Petitioner's Response (Doc. No. 121), and the Philadelphia District Attorney's Response (Doc. No. 122); and the Notices of Withdrawal of Appearance by Katherine Ernst, Peter Andrews, David Napiorski, and Steven Wildberger (Doc. Nos. 123–26); it is hereby **ORDERED** that the Motion to Establish a Briefing Schedule (Doc. No. 119) is **GRANTED in Part** as follows:

1. The evidentiary hearing scheduled for July 17, 2026 (Doc. No. 97) will not address the substantive merits of Johnson's § 2254 Petition.  I will conduct a merits hearing on a later date.

2. Accordingly, eyewitnesses Vicks, Smith, and Clark need not appear at the July 17th hearing.

3. Rather, at the July 17 hearing, the Court will address the matters and hear from the witnesses I have discussed in this Order.

4. The July 17th hearing will begin at 1:30 p.m. in Courtroom 14A of the James A. Byrne U.S. Courthouse, 601 Market St., Philadelphia, PA 19106.

5. Petitioner may appear virtually or in person.

               **AND IT IS SO ORDERED.**

               */s/ Paul S. Diamond*
               _____
               Paul S. Diamond, J.