**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENNIS JOHNSON, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT NICKELSON, et al., | : | No. 15-cv-4965 |
| Respondents. | : | |

**NOTICE OF CONFLICT**

On June 5, 2026, Assistant District Attorneys Steven J. Wildberger and Katherine E. Ernst signed, along with others, the Motion to Withdraw Response, filed at ECF No. 118. Twenty days later, ADAs Wildberger and Ernst filed a Notice of Withdrawal of Appearances on behalf of Respondents due to conflicts of interest. ECF No. 123. ADAs Wildberger and Ernst also alerted the Court that they believe, "based on their best professional judgment, that the Philadelphia District Attorney's Office may have a conflict of interest in this case," but they "understand that the office is seeking to remedy this conflict." *Id.*

On July 17, 2026, this Court held a hearing on several topics, including the Motion to Withdraw Response and the conflict issues. At that hearing, an Assistant District Attorney in the Philadelphia District Attorney's Office ("DAO") participated in questioning witnesses. As a result, it has become apparent to ADAs Wildberger and Ernst that the conflict they perceive to be burdening the DAO has not been remedied, necessitating this Notice.

On the day the Commonwealth filed its Motion to Withdraw Response, June 5, 2026, ADAs Wildberger and Ernst, along with Law Division Supervisor David Napiorski and Federal Litigation Supervisor Peter Andrews, requested to District Attorney Lawrence Krasner ("DA Krasner") that the case be referred to the Office of Attorney General ("OAG"). In a series of

meetings thereafter, ADAs Wildberger and Ernst and others repeatedly implored DA Krasner to refer the case to the OAG.

ADAs Wildberger and Ernst requested that DA Krasner refer the case to the OAG because they believe, in their best professional judgment, that DA Krasner, and in turn the DAO, has at least an apparent conflict of interest. In short, ADAs Wildberger and Ernst (1) understand that DA Krasner has received litigation advice from ADA Matthew Stiegler about this case, advice DA Krasner then suggested to ADAs Wildberger and Ernst and others;[1] and (2) received instruction from DA Krasner to litigate the case in a manner to "protect the office," which they view as incompatible with their ethical obligations and the interests of the Commonwealth. As a result, ADAs Wildberger and Ernst believe they are conflicted, informed DA Krasner that they would not represent Respondents in this case, and repeatedly requested that DA Krasner refer the case to the OAG to ameliorate the DAO's conflict.

At a meeting on June 25, 2026, where ADA Wildberger and others once again requested that the case be referred to the OAG, DA Krasner stated that there would be "consequences" for anyone who notified the Court of the conflict issues. Notwithstanding, ADAs Wildberger and Ernst later that day alerted the Court to the conflicts.[2]

On July 17, 2026, ADAs Wildberger and Ernst were present for the hearing at which an Assistant District Attorney from the DAO represented the Respondents. Because ADAs

---

[1] ADAs Wildberger and Ernst view this advice as problematic because they believe ADA Stiegler has a clear conflict of interest in this case, and the advice suggested conduct they view as inappropriate for the person litigating the merits of this habeas case.

[2] When ADAs Wildberger and Ernst filed their Notice of Withdrawal of Appearances, they noted the conflicts as they perceived them without explanation. ADAs Wildberger and Ernst believed that the deliberative process privilege precluded them from saying more. ADAs Wildberger and Ernst have since been advised by an attorney that the deliberative process privilege does not apply under these circumstances.

Wildberger and Ernst believe the DAO has at least an apparent conflict of interest, should not be representing the Respondents in this case, and apparently has not ameliorated the conflict, they file this Notice with the Court.[3]

Respectfully submitted,

_____/s/_____
KATHERINE E. ERNST

_____/s/_____
STEVEN J. WILDBERGER

---

[3] ADAs Wildberger and Ernst feel that it is necessary to immediately notify the Court of the ongoing conflict. Consequently, this filing does not purport to contain all of the information relevant to the conflict. ADAs Wildberger and Ernst stand ready to testify as ordered by this Court.

4

## CERTIFICATE OF SERVICE

I, Katherine E. Ernst, certify that on July 20, 2026, I served a copy of this response on all counsel of record via the Court's CM/ECF system.

_/s/_
_____
KATHERINE E. ERNST

4