### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENNIS JOHNSON,                  :
    *Petitioner*,               :
                  :
        v.                    :    Civ. No. 15-4965
                  :
SCOTT NICKELSON, et al.,         :
    *Respondents*               :

### RESPONSE TO NOTICE CONFLICT

As the Philadelphia District Attorney's Office ("DAO") has already noted, individual conflicts of interest prevent some of its personnel from responding to Dennis Johnson's habeas petition,[1] including Assistant District Attorneys Katherine Ernst and Steven Wildberger. Their individual conflicts are not shared by the DAO as an institution. The DAO has taken extraordinary measures to ensure that, going forward, its representation of the Commonwealth in these habeas proceedings is above reproach. As explained below, the "Notice of Conflict" by ADAs Ernst and Wildberger was inappropriately filed, filed without authorization from the DAO, and is ill-informed. ADAs Ernst and Wildberger have not been privy to any of the DAO's deliberations or decision-

---

[1] Response to Office of the Attorney General's Motion to Establish Briefing Schedule, ECF No. 122, at 2 n.1.

making in this case since they noted their individual conflicts and withdrew their appearances in late June.

## BACKGROUND

1.      Prior to May 2026, ADAs David Napiorski, Steven Wildberger, Peter Andrews, and Katherine Ernst had no substantive involvement in the litigation of Dennis Johnson's petition for a writ of habeas corpus. In May 2026, the Court ordered an evidentiary hearing on the merits of Johnson's claims, and They were asked by the then-assigned ADA, Jaclyn Mason, to assist in preparing.

2.      On May 29, 2026, the four ADAs identified errors in Commonwealth's November 4, 2022, Response to petitioner Dennis Johnson's Petition for a Writ of Habeas Corpus and concluded that the Response erroneously conceded that Johnson was entitled to a new trial on a claim of ineffective assistance of trial counsel.

3.      On June 2, 2026, the four ADAs brought their concerns to the DAO's leadership—who also had no prior involvement in the substance of the case—and all immediately agreed that the DAO needed to inform the Court of the errors in the Response and move to withdraw it.

4.      On June 5, 2026, the DAO, through ADAs Napiorski, Wildberger, Andrews, and Ernst, moved to withdraw the Commonwealth's Response

because it contained errors and incorrectly conceded that relief was warranted.[2] The Pennsylvania Office of Attorney General requested that the Court establish a briefing schedule, and the DAO agreed.[3] In its response in support of the Attorney General's request, the DAO noted that "some of the assistant district attorneys involved in the case may now have an actual or apparent conflict of interest, and the matter [was] in the process of being assigned or referred to non-conflicted counsel."[4] The DAO referred to the fact that the Assistant District Attorneys ("ADAs") who filed the Motion to Withdraw the Response had asserted that they each had or appeared to have individual conflicts of interest that prevented them from responding to the merits of Johnson's claims. At the time, they reported that their individual conflicts of interest were: 1) they were potential fact witnesses; 2) they had professional relationships with Matt Stiegler.

5.      Shortly thereafter, the ADAs who submitted the Motion to Withdraw the Response informed the Court that they would no longer be representing the Commonwealth respondents in the habeas proceedings.[5]

---

[2] Motion to Withdraw Response, ECF No. 118.

[3] Response to Office of the Attorney General's Motion to Establish Briefing Schedule, ECF No. 122.

[4] *Id.* at 2 n.1.

[5] Notices of Withdrawal of ADAs Katherine Ernst, Steven Wilberger, David Napiorski, and Peter Andrews. ECF Nos 123, 124, 125, 126.

6.    Because the four ADAs asserted that they have actual or apparent individual conflicts, and because they were likely to become fact witnesses in a hearing on the Motion to Withdraw the Response, the DAO screened those ADAs from participating in the litigation of Johnson's habeas petition—they have not authored or edited any of the DAOs submissions to the Court, nor have they had any other role in the DAO's litigation of the habeas petition since.[6]

7.    On June 30, 2026, the Court partially granted the Attorney General's motion, noting that it would not address the merits of Johnson's habeas petition until it had resolved the issue of the Motion to Withdraw the Response, including potential conflicts of interest.[7] The Court ordered that the previously-scheduled evidentiary hearing would address those ancillary issues and "[would] not address the substantive merits" of the habeas petition.[8] The Court also directed former-ADA Jaclyn Mason, her then-supervisor, ADA Matthew Stiegler, and the four ADAs who had filed the Motion to Withdraw the Response to provide testimony.[9]

---

[6] ADA Matthew Stiegler was screened shortly after the Motion to Withdraw the Response was filed. The DAO requested that the City offer to provide counsel to represent ADA Stiegler and former ADA Mason in any proceedings arising from their conduct in the case while employed by the DAO.

[7] June 30, 2026, Order, ECF No. 127.

[8] *Id.* at 5.

[9] *Id.*

8.    On July 17, 2026, the Court began the hearing on the Motion to Withdraw the Response by orally reaffirming that the substance of Johnson's petition was not at issue in the proceeding—it was limited to the issue of the Motion to Withdraw the Response and potential conflicts of interest.

9.    Former-ADA Mason and ADA Stiegler provided lengthy testimony, but due to time constraints, the hearing on the Motion to Withdraw the Response was held open to take the testimony of the four ADAs who submitted the motion at a later date.

10.    On July 20, 2026, ADAs Ernst and Wildberger filed a "Notice of Conflict" asserting their personal positions that the DAO is burdened by an institutional conflict of interest—effectively, that every DAO prosecutor should be barred from providing the Court with briefing on the merits of Johnson's habeas petition, including those who have no individual conflicts of interest.[10]

11.    ADAs Ernst and Wildberger further asserted that the DAO had not remedied its alleged institutional conflict because the undersigned participated in the separate and distinct hearing on the Motion to Withdraw the Response (which did not address the merits of Johnson's habeas petition).

---

[10] Notice of Conflict, ECF No. 135.

**RESPONSE**

12.    ADAs Ernst and Wildberger—along with ADAs Napiorski, Andrews, and Stiegler—no longer represent the Respondents in this case. In particular, ADAs Ernst and Wildberger have asserted that they each have actual or apparent individual conflicts of interest, and neither of them (or any other screened ADA) has participated in this litigation in any substantive way since withdrawing their appearances on June 25, 2026.

13.    Due to their asserted individual conflicts of interest and because they are now fact witnesses in the Hearing on the Motion to Withdraw Response, ADAs Ernst and Wildberger are disqualified from filing or speaking on behalf of the Commonwealth respondents. Further, they were not authorized by the DAO to file their "Notice of Conflict" or to speak for the Office on the issue of alleged institutional conflicts. The DAO does not authorize *any* ADA to file *any* pleadings in a case in which they are individually conflicted.

14.    After much internal deliberation, including consultation with a number of ethics experts, the DAO determined that it is not burdened by an institutional conflict of interest.

15.    It is the responsibility of an institution like the DAO to correct errors when it identifies them regardless of whether those errors were made during prior administrations or the current administration—that is what has occurred here. ADAs may have individual conflicts of interest that prevent them

6

from litigating cases in which their own conduct is at issue, but those individual conflicts do not determine whether the DAO as an institution is prevented from participating. If those individual conflicts necessarily led to institutional conflicts, the DAO would be prevented from litigating nearly any appeal or post-conviction case in which the conduct of any of its ADAs was challenged, past or present. Rather, individual ADAs' individual conflicts simply require that matters be reassigned to other, non-conflicted prosecutors.[11]

16.    Consistent with its ethical obligations, the DAO has ensured that any ADAs who have become fact witnesses in the hearing on the Motion to Withdraw the Response or asserted that they are individually conflicted have been screened from any further participation in the case, including the assignment of the matter to a new ADA.[12]

17.    ADAs Ernst and Wildberger may believe that an institutional conflict exists and that it has not been remedied, but the only factual support they cite for that assertion stems from internal discussions that occurred before they withdrew their appearances. More importantly, those internal

---

[11] *See Commonwealth v. Breakiron*, 729 A.2d 1088, 1092 (Pa. 1999).

[12] *See generally*, *Commonwealth v. Breighner*, 684 A.2d 143, 147 (Pa. Super. 1996) (en banc) ("once a conflict arises, it is improper for the conflicted district attorney to engage in any decisionmaking in the case, including choosing who will handle the prosecution.").

discussions occurred well before any decision had been reached by the DAO on how to proceed on the merits of Johnson's habeas petition.

18.     The preliminary deliberations ADAs Ernst and Wildberger participated in and relied upon in their "Notice of Conflict" are confidential and protected by the deliberative process privilege.[13] "The ultimate purpose of this long-recognized privilege is to prevent injury to the quality of agency decisions. It recognizes that were agencies forced to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative decisions would consequently suffer."[14]

19.     In the weeks after ADAs Ernst and Wildberger were screened from the case, the DAO continued its internal deliberations and determined that, consistent with the Court's approach,[15] the case should be litigated on two

---

[13] In their "Notice of Conflict," ADAs Ernst and Wildberger note that they were "advised by an attorney that the deliberative process privilege does not apply under these circumstances." Notice of Conflict, ECF No. 135 at 2 n.2. They provide no legal support for this assertion, do not identify that counsel, or explain how their counsel arrived at his or her conclusion. The deliberative process privilege still applies, and DAO objects to the dissemination of any privileged communications. And to be clear, the filing of an unauthorized pleading cannot be construed as a waiver of the deliberative process privilege. *Redland Soccer Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 856 (3d Cir. 1995) (citing *Transamerica Computer Co. v. International Business Machines Corp.*, 573 F.2d 646, 651 (9th Cir. 1978)). The DAO hereby objects to all improper filings and all improper disclosures or violations or purported waivers of any privileges that are held by the DAO in this matter.

[14] *Id.* at 854 (cleaned up).

[15] June 30, 2026, Order, ECF No. 127, at 5.

tracks: separating any litigation over the Motion to Withdraw the Response from any litigation on the merits of Johnson's habeas petition. The circumstances surrounding the preparation and subsequent withdrawal of the Response to Johnson's habeas petition are unrelated to the merits of the underlying claims in this case, so the two should be treated separately.

20.    To avoid even an arguable appearance of impropriety in its handling of the underlying habeas petition, the DAO has assigned an experienced prosecutor to represent the Commonwealth respondents in the underlying habeas petition. That prosecutor has had no prior involvement in the matter nor any relationship with the ADAs who have previously handled any aspect of the case.[16] And in order to ensure that she remains free from bias or the appearance of bias, that ADA is not participating in the hearing on the Motion to Withdraw the Response or any related litigation (including this pleading); her assignment is limited to the merits of Johnson's habeas petition.

21.    The ADA assigned to handle the underlying habeas petition has been instructed to thoroughly and independently review Johnson's claims,

---

[16] The habeas petition has been assigned to Assistant District Attorney Jean Peters-Baker, who was recently hired by the DAO. ADA Peters-Baker has over twenty-five years' experience as a prosecutor and chief prosecutor, including as the thrice elected District Attorney of a large jurisdiction, Jackson County, MO.

evaluate their merits, and prepare an appropriate brief. She has also been instructed not to communicate with any of the individually conflicted ADAs.

22.    ADAs Ernst and Wildberger have been asked to testify regarding their preparation of the Motion to Withdraw the Response and their perceived individual conflicts of interest. That is the appropriate forum for them to apprise the Court of any conflicts.

Respectfully submitted,

*/s/Thomas Gaeta*
THOMAS GAETA
Assistant District Attorney
Supervisor, Civil Litigation
LAWRENCE S. KRASNER
District Attorney of Philadelphia

## CERTIFICATE OF SERVICE

I, Thomas Gaeta, certify that on July 23, 2026, I served a copy of this response on all counsel of record via the Court's CM/ECF system.

*/s/Thomas Gaeta*
THOMAS GAETA
Assistant District Attorney
Supervisor, Civil Litigation