**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENNIS JOHNSON, *Petitioner*, | : | |
| v. | : | Civ. No. 15-4965 |
| SCOTT NICKELSON, et al., *Respondents* | : | |

**RESPONSE TO JACLYN MASON'S MOTION FOR LEAVE FOR LIMITED PARTICIPATION OF COUNSEL AS AMICUS CURIAE**

The Commonwealth takes no position on *Jaclyn Mason's Motion for Leave for Limited Participation of Counsel as Amicus Curiae,* ECF No. 147 ("Motion").[1]

The Court has broad discretion to allow *amicus* participation and to determine the fact, extent, and manner of that participation.[2] There is no rule governing participation by amicus curae in the district courts, so district courts

[1] Mason styles her motion as seeking leave for her counsel, Bryan Lentz, Esq., to participate as amicus curiae. It is unclear why she seeks leave for her counsel to participate as amicus curiae himself rather than for leave to participate *through* her counsel. Given her counsel would undoubtedly be working to advance her interests regardless of whether he or she was designated as amicus curiae, it's unclear whether there is any meaningful distinction between the two.

[2] *Wharton v. Vaughn*, E.D. Pa. Civ. No. 01-6049, 2020 WL 733107, at *5 (Feb. 12, 2020).

are guided by the Third Circuit's application of Federal Rule of Appellate Procedure 29, which governs the appearance of amici in the circuit courts.[3] Courts in this circuit generally evaluate three factors to determine whether amicus participation is warranted and will allow it when: (1) the amicus has a 'special interest' in the particular case; (2) the amicus' interest is not represented in the case; and (3) the participation of amicus is useful.[4] Mason arguably satisfies the first and second factors, but she does not adequately explain how her participation would be useful to the Court.

Mason argues that she has an interest in these proceedings because "testimony or evidence directly concerning [her] conduct, communications, credibility, or professional responsibilities" may be introduced.[5] This is undoubtedly so; the Commonwealth has conceded that the Response filed on November 4, 2022, to petitioner Dennis Johnson's Petition for a Writ of Habeas Corpus—which was prepared by Mason—contained material errors and erroneously conceded relief. And the Court convened the current proceedings specifically to

---

[3] *E.g.*, *United States v. Alkaabi*, 223 F.Supp.2d 583, 592 (D.N.J. 2002).

[4] *E.g.*, *In re Revlimid & Thalomid Purchaser Antitrust Litig.*, 827 F.Supp.3d 536, 550–52 (D.N.J. 2026); *Sciotto v. Marple Newtown Sch. Dist.*, 70 F.Supp.2d 553, 554-55 (E.D. Pa. 1999). Some cases also look to whether the party seeking to participate as amicus is partial to a particular outcome in the case, but the Third Circuit has indicated that that consideration is outdated. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002).

[5] Memorandum of Law in Support of Motion, ECF No. 147, 1.

determine the circumstances by which it was prepared and sought to be withdrawn and the reason for Mason's resignation from her position as an Assistant District Attorney.[6] Mason's conduct and competence are plainly at issue.

Mason also arguably satisfies the second prong. She fears that "witnesses could give testimony directly affecting [her] professional reputation and credibility without anyone having both the incentive and ability to test that testimony on her behalf and in her best interest."[7] Accordingly, she requests that the Court permit her counsel "to participate as amicus curiae for the limited purpose of protecting her interests when evidence or testimony directly concerning her conduct or credibility is presented."[8] The Commonwealth agrees that neither the Parties nor the Office of the Attorney General, participating as amicus curiae, share Mason's same interest in protecting her professional reputation: the Commonwealth brought the errors in her submission to the Court's attention, Johnson has taken no position on the motion to withdraw,[9] and the OAG has agreed that the response Mason prepared "is seriously deficient."[10]

---

[6] June 30, 2026, Order, ECF No. 127 at 5.

[7] Memorandum of Law in Support of Motion, ECF No. 147, 1.

[8] Motion, ECF No. 147, ¶ 6.

[9] Response to Motion to Withdraw Response. ECF No. 120.

[10] Attorney General's Motion to Establish Briefing Schedule, ECF No. 119, 2.

Mason does not, however, explain how her counsel's participation in the evidentiary hearing will assist the Court in resolving the matter at hand. The Court has already indicated its intent to recall Mason to provide further testimony, and presumably she will do so "from [her] perspective and in her best interest."[11] And because it appears the Court intends to recall Mason after the other witnesses have testified,[12] nothing will prevent the Court adducing her perspective in evaluating potentially conflicting accounts of events involving Mason. Given all this, it is unclear how, if at all, allowing an additional attorney to participate in the evidentiary hearing with the goal of protecting Mason's professional reputation will be of use to the Court.

The credibility and professional standing of every witness who testifies in every case is at issue, and they may often wish to have their own counsel participate to protect their reputation—this is particularly so in cases involving claims of ineffective assistance of counsel. To the extent the Court recognizes an entitlement to participate in an evidentiary hearing at which one's professional reputation is questioned, the other witnesses in this matter are similarly situated and will likely seek the same level of participation.[13] Mason argues that allowing her participation as amicus curiae would not create an

[11] Motion, ECF No. 147, ¶ 9.

[12] July 28, 2026, Order, ECF No. 144.

[13] The undersigned does not represent any witness in this case.

invitation for other witnesses to seek the same status because no other witness has had their conduct questioned in these proceedings,[14] but this is untrue. First, the Commonwealth also identified the supervisor who oversaw the preparation of her erroneous pleading, as his conduct may also be at issue—the OAG has specifically noted that "the signatory on a pleading sometimes bears less responsibility for its drafting than is apparent from the face of the document."[15] And the Court itself has expressed concern that the attorneys who moved to withdraw Mason's response "may have sought to mislead the Court."[16] And, most importantly, Mason herself made serious allegations of misconduct on the part of other witnesses during her sworn testimony. If the Court determines that witnesses should be allowed to participate as amici to protect their own interests, there is no meaningful distinction between Mason's situation and that of the other witnesses here.

All that said, the Commonwealth recognizes that the scope of the current proceedings is extremely limited and, in many ways, *sui generis*. While it seems unlikely that allowing Mason's counsel to participate in the scheduled evidentiary hearing will be useful to the Court in determining how to proceed in this

[14] Memorandum of Law in Support of Motion, ECF No. 147, 6 n.2.

[15] Attorney General's Motion to Establish Briefing Schedule, ECF No. 119, 5.

[16] June 30, 2026, Order, ECF No. 127 at, 4.

case, the Commonwealth leaves it to the Court's discretion to determine what may be helpful. The Commonwealth therefore takes no position on her motion.

Respectfully submitted,

*/s/Thomas Gaeta*
THOMAS GAETA
Assistant District Attorney
Supervisor, Civil Litigation

Date: August 18, 2026

**CERTIFICATE OF SERVICE**

I, Thomas Gaeta, certify that on August 19, 2026, I served a copy of this response on all counsel of record via the Court's CM/ECF system.

*/s/Thomas Gaeta*
THOMAS GAETA
Assistant District Attorney
Supervisor, Civil Litigation