**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS JOHNSON,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SCOTT NICKELSON, *et al.*,** | : | **NO. 15-4965** |
| **Respondents.** | : | |

**WITNESS MATTHEW STIEGLER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE FOR LIMITED PARTICIPATION OF COUNSEL AS *AMICUS CURIAE* AND RESPONSE TO MASON'S MOTION FOR LEAVE FOR LIMITED PARTICIPATION OF COUNSEL AS *AMICUS CURIAE*.**

Matthew Stiegler ("Stiegler"), a non-party witness, by and through undersigned counsel, hereby submits his Memorandum of Law in support of his Motion for Leave for Limited Participation of Counsel as *Amicus Curiae* and Response to Mason's Motion for Leave for Limited Participation of Counsel as *Amicus Curiae*.

## I. Introduction

On August 14, 2026, counsel for non-party witness former Assistant District Attorney Jaclyn Mason ("Mason") moved for leave for her counsel, Bryan R. Lentz, Esquire, to participate in the upcoming evidentiary hearing in a limited *amicus curiae* capacity. *See generally*, Dkt. #147. The central justification for that participation is that Mason is "a non-party witness whose conduct and credibility have been placed directly at issue in these proceedings[.]" Dkt. #147 at Motion p. 1. The leave sought was limited to "when testimony or evidence directly concerning Mason's conduct, communications, credibility, or professional responsibilities is presented." Dkt. #147 at Memorandum p. 1. Mason argued that limited participation is justified because Mason "is not merely a witness whose name may arise incidentally during the hearing. Her conduct has been

placed affirmatively at issue by the [District Attorney's Office] itself." *Id.* As the existing parties have their own litigation interests, "witnesses could give testimony directly affecting Mason's professional reputation and credibility without anyone having both the incentive and ability to test that testimony on her behalf and in her best interest." *Id.*

Everything that Mason asserts to support her motion for counsel's participation as *amicus* applies with equal force to Stiegler. Specifically, while Mason signed her name to the brief conceding relief, Mason blamed Stiegler for the contents of the brief and the ultimate conclusion to concede, which Stiegler denies. It would be fundamentally unfair to allow Mason to participate (and potentially lay more blame at the feet of Stiegler) without also providing Stiegler with the opportunity to participate. Stiegler respectfully requests this Court grant his Motion. But to the extent the Court denies his Motion, Stiegler respectfully requests the Court deny Mason's motion, so that Mason and Stiegler are treated equally.

## II. <u>Legal Standard</u>

The law in the Third Circuit gives this Court broad discretion to permit the participation of *amicus curiae*. "A district court has inherent authority to allow amicus curiae to participate in proceedings." *Avellino v. Herron*, 991 F. Supp. 730, 732 (E.D. Pa. 1998). The Third Circuit has instructed that permitting *amicus curiae* participation "may be advisable where third parties can contribute to the court's understanding" of the relevant issues. *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987).

A district court's authority over amicus participation is not confined to written submissions. Indeed, "[t]he extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." *Waste Mgmt. of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). The court may permit an amicus to call witnesses and examine witnesses presented by the parties when that limited

participation will assist the court in developing a complete record. *Wharton v. Vaughn*, No. 01-6049, 2020 WL 733107, at *5–8 (E.D. Pa. Feb. 12, 2020) (permitting the Pennsylvania Attorney General, as amicus, "to call and cross-examine witnesses" at a habeas evidentiary hearing); *see also Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999) ("A court can allow amici to call their own witnesses and cross examine the witnesses of other parties, but need not do so.").

## III. **Argument**

For largely the same reasons as Mason articulated in her brief, Stiegler's counsel should be permitted to participate in the upcoming evidentiary hearing. Stiegler's conduct in running the Federal Litigation Unit has been the subject of questioning by the Attorney General's Office and the Court. Further, his credibility and honesty have been repeatedly attacked by Mason herself. Stiegler, therefore, has a unique collateral interest in the outcome of this Court's inquiry into the District Attorney's Office's response to Petitioner's Petition, and that interest involves personally defending himself against attacks of collusion and dishonesty. Stiegler's interest in his personal reputation cannot be adequately represented by the District Attorney's Office whose institutional interests and interest in the outcome of the merits of this litigation understandably are its foremost concerns when strategizing with respect to this litigation. Further, because some employees of the District Attorney's Office have claimed Stiegler's very involvement in this case created a conflict of interest, Stiegler has been excluded from deliberations or decision-making by the District Attorney's Office. Like Mason, Stiegler has been mentioned by name in numerous news articles and internet posts regarding this case which have portrayed him in a negative light.

Much like Mason, Stiegler does not seek an *amicus curiae* appearance to attempt to influence the merits of the Court's decision with respect to the merits of the Petition for a Writ of Habeas Corpus. Instead, leave is only sought to ask questions of witnesses whose testimony

directly or indirectly implicates Stiegler's personal conduct, involvement in this case, or operation of the Federal Litigation Unit. As Mason acknowledged, *amicus* counsel would, of course, be subject to the Court's complete discretionary control as to whether particular testimony has sufficiently implicated Stiegler's involvement to warrant *amicus* counsel's questioning, and if so, the duration of that questioning. But Stiegler believes that the Court will benefit from *amicus* counsel's limited participation in such situations where it is appropriate, and that his ascertainable interests will be best protected by *amicus* counsel's limited participation.

Mason's assertion in her briefing that she is the only witness whose interests justify counsel's participation is unpersuasive. ECF #147 at Memorandum p. 6, n. 2. (Mason asserting that "she is the only witness whose conduct has been affirmatively placed at issue in a pleading filed with this Court and who has been expressly accused therein of making 'material misstatements.'"). Given Mason's testimony that Stiegler is responsible for the contents of the pleading that Mason believes necessitates her counsel's participation, Stiegler's counsel must also have the right to participate. *See, e.g.* Hearing Transcript at 58:24-59:6 (Mason referring to a "whole scheme… designed to cover up how that brief was put together."). Further, Mason herself has explicitly accused Stiegler of making material misstatements to the Court in his testimony. *Id.* at 123:7-9 ("And nothing [Stiegler] said was true. Nothing he said was true. He absolutely colluded with the federal defenders and the Innocence Project.").

## IV. <u>Conclusion</u>

With respect to this Motion and Mason's motion, Mason and Stiegler are similarly situated. Their actions or inactions with respect to the Dennis Johnson matter are under the microscope and receiving media attention. Their characters and reputations for truthfulness have been called into question. Neither one of them has their personal interests represented by the current litigants,

whose institutional and legal interests in the outcome of the merits of the case do (and must) control their actions and strategies.

Stiegler's counsel should be permitted limited participation as *amicus curiae* in this matter. To the extent this permission is not granted, Stiegler respectfully requests this Court deny Mason's similar motion. Unequal treatment of Stiegler and Mason will not assist the Court in finding the truth in this matter.

Dated: August 19, 2026

Respectfully submitted,

*/s/ David Smith*

David Smith
David Rodkey
**DILWORTH PAXSON LLP**
1650 Market Street, Suite 1200
Philadelphia, PA, 19103
(215) 575-7062 (telephone)
dsmith@dilworthlaw.com
drodkey@dilworthlaw.com
*Attorneys for Third-Party Witness Matthew Stiegler, Esq.*