**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENNIS JOHNSON,<br>Petitioner,<br><br>v.<br><br>SCOTT NICKELSON, et al.,<br>Respondents. | : | CIVIL ACTION<br><br>No. 15-4965 |

**PETITIONER'S OPPOSITION TO THE PHILADELPHIA DISTRICT ATTORNEY'S OFFICE'S MOTION TO FILE A RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS & PETITIONER'S REQUEST TO STRIKE PROPOSED RESPONSE**

Petitioner Dennis Johnson, through counsel, opposes the Philadelphia District Attorney's Office's (DAO) request to file a response to his petition for a writ of habeas corpus (ECF No. 171) and respectfully asks this Court to strike the DAO's proposed response (ECF No. 171-1) and order it removed from the docket.

The DAO's attempt to file a response to Mr. Johnson's habeas petition is inappropriate, premature, and prejudicial. The question of which entity should represent the Commonwealth in this habeas proceeding, and correspondingly which entity should take a position for the Commonwealth on the merits of Mr. Johnson's habeas claims, is precisely the question that this Court is currently deciding. The Court has repeatedly made clear that the merits of Mr. Johnson's

claims are not yet before the Court, including at the conclusion of the most recent hearing in the following exchange.

> Ms. Fisher: Just to be clear, Your Honor, the findings and conclusions are on the question of whether the District Attorney's Office should be removed from the case?
>
> The Court: Yes. I believe that's the only issue – it's certainly not on the merits, Ms. Fisher –
>
> Ms. Fisher: I appreciate that.
>
> The Court: -- of the 2254. As I indicated, I couldn't go ahead with the merits hearing until I decided who was going to appear before me. And so it does seem to me that's the issue I need to address. . . . I'm not addressing the merits yet.

N.T. 9/1/2026, 45-46 (ECF No. 165); *see also, e.g.*, June 30, 2026 Order (ECF No. 127) at 4-5 ("I cannot address the merits of the § 2254 Petition until I have determined what has been alleged and argued by the DAO and its attorneys, what representations have been made to the Court, and what has actually occurred."); N.T. 7/17/2026, 5 (ECF No. 141) (The Court: "I have said more or less what you just said, that we're not going to address the merits, the substantive merits of the 2254."); N.T. 8/27/2026, 20 (ECF No. 160) (The Court: "You have a standing objection. We're not addressing the merits of the 2254 here, we're addressing attorney conduct.").

Consistent with this, the Court has not yet ruled on the Office of Attorney General's (OAG) request to set a briefing schedule (ECF No. 119) or the DAO's

motion to withdraw its previous response (ECF No. 118). The Court specifically noted at the end of the last hearing that the DAO's motion to withdraw its response "is close enough to the merits that I don't want to address it yet. . . ." N.T. 9/1/2026, 46 (ECF No. 165). The DAO's attempt to insert itself into the merits of Mr. Johnson's claims at this point, where the propriety of any involvement of the DAO in this case at all has not been decided, is inappropriate, and its motion for leave to file a substantive response to Mr. Johnson's habeas claims should be denied.

In addition to the prematurity of the response, the DAO's proposed response is concerning for an additional reason.[1] Assistant District Attorney Thomas Gaeta signed the proposed response along with Assistant District Attorney Jean Peters-Baker. *See* ECF No. 171-1 at 35. However, Assistant District Attorney Peters-Baker's affidavit filed with the DAO's proposed findings of fact and conclusions of law on the conflicts issue stated: "I have not discussed the substantive aspects of the instant case with any members of the DAO, or any external parties for that matter." Sept. 3, 2026 Affidavit of Jean Peters-Baker (ECF No. 169-2) ¶ 12; *see also* July 23, 2026 DAO Response to Conflict (ECF No. 138) ¶ 20 ("To avoid even

---

[1] Mr. Johnson also disagrees with the DAO's characterization of his claims and the record in this case. However, he does not raise those issues here as the merits are not yet before the Court.

an arguable appearance of impropriety in its handling of the underlying habeas petition, the DAO has assigned an experienced prosecutor to represent the Commonwealth respondents in the underlying habeas petition. That prosecutor has had *no* prior involvement in the matter *nor any relationship* with the ADAs who have previously handled any aspect of the case." (emphasis added)). ADA Gaeta's signature on the DAO's proposed response calls this into question.

Moreover, the testimony adduced at the hearings this summer shows that ADA Gaeta was involved in at least some of the conversations about whether the DAO had an actual or apparent conflict of interest in representing the Commonwealth in this case, which involved discussions of the alleged errors in the DAO's previous response, *see, e.g.*, N.T. 8/27/2026, 50, 62, 77, 81, 84-85, 87-88, 131, 137 (ECF No. 160); N.T. 9/1/2026, 7-8, 41-42 (ECF No. 165). ADA Gaeta's apparent involvement in the DAO's response in these circumstances is problematic.

Ultimately, the DAO's proposed response is premature and puts Mr. Johnson in the untenable position of potentially litigating against two adversaries. As Mr. Johnson has previously stated, he looks forward to litigating the merits of his constitutional claims at the appropriate juncture once this Court has determined whether the DAO, OAG, or some other entity identified by the Court is the appropriate office to represent the Commonwealth in this case. *See, e.g.*, Sept. 8,

2026 Pet'r Proposed Findings of Fact & Conclusions of Law (ECF No. 167) at 2. Mr. Johnson respectfully requests that this Court deny the DAO's motion to file a response to his habeas petition and order that the DAO's proposed response be stricken from the record (without prejudice to the DAO filing a response if it remains in the case) so that his case can proceed to the merits in an orderly fashion once this Court has determined who should represent the Commonwealth.

Respectfully submitted,

/s/ Anne Fisher
Anne Fisher
Aren Adjoian
Federal Community Defender Office
for the Eastern District of Pennsylvania
The Curtis, Suite 545-W
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

/s/ Nilam A. Sanghvi
Nilam A. Sanghvi
The Pennsylvania Innocence Project
1515 Market Street, Suite 300
Philadelphia, PA 19102
(215) 204-4255

/s/ Amelia R. V. Maxfield
Amelia R. V. Maxfield
The Exoneration Project
126 C St. NW, Floor 2
Washington, DC 20001
(771) 221-0441

Dated: September 14, 2026

## CERTIFICATE OF SERVICE

I, Nilam A. Sanghvi, hereby certify that on September 14, 2026, I served a copy of this response on all counsel of record via the Court's CM/ECF system.

Respectfully submitted,

/s/ *Nilam A. Sanghvi*
Nilam A. Sanghvi

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENNIS JOHNSON, Petitioner, | : | |
| v. | : | CIVIL ACTION |
| SCOTT NICKELSON, et al., Respondents. | : | No. 15-4965 |

**[Proposed] ORDER**

**AND NOW**, this _____ day of ________________, 2026, upon consideration of the Philadelphia District Attorney's Office's Motion for Leave to File a Response to Petitioner's Habeas Petition, and Petitioner's Opposition Thereto, it is hereby **ORDERED** that the Philadelphia District Attorney's Office's Motion is **DENIED**. It is **FURTHER ORDERED** that the Proposed Response is **STRICKEN**.

**By the Court**:

________________________
Paul S. Diamond, J.