**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENNIS JOHNSON,<br>Petitioner,<br><br>v.<br><br>SCOTT NICKELSON, et al.,<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No. 15-4965 |

**PETITIONER'S RESPONSE TO DISTRICT ATTORNEY'S MOTION FOR RECUSAL**

Petitioner Dennis Johnson is currently serving a life sentence for the 2007 murder of Kenyatta Smith. He has consistently maintained his innocence since his arrest. The mounting evidence from the post-conviction investigation, including exculpatory DNA testing results, supports Mr. Johnson's innocence claim, as well as his claims of fundamental constitutional errors at his trial. Before potential attorney conflict issues complicated this matter, this Court scheduled an evidentiary hearing for July 17, 2026, in which it requested to hear from Ozzie Clark, Jr., Amin Vicks, and Curtis Smith. *See* Dkt. Nos. 106, 110. At the start of the ancillary conflict of interest proceedings, the Court reiterated: "There will be a subsequent hearing on the merits." N.T. 7/17/2026 at 7. As Mr. Johnson has consistently stated, he looks forward to getting to the merits of his constitutional claims.

Mr. Johnson hoped that the ancillary proceedings would resolve with the issuance of this Court's September 15, 2026 Order. They have not. The District Attorney's Office (DAO) has now filed a Motion for Recusal (Dkt. No. 177) alleging that the Court has an apparent bias against the DAO as an entity and District Attorney Larry Krasner personally, which it argues requires recusal under 28 U.S.C. § 455(a). *See* Dkt. No. 177 at 1. The DAO's allegations all pertain to the recent conflict of interest hearings and the Court's subsequent Memorandum and Order (Dkt. Nos. 173, 174) that conclude, *inter alia*, that DA Krasner and ADA Matthew Stiegler have a conflict of interest in this case and that refer them to the United States Department of Justice for criminal investigation. *See* Dkt. No. 177 at 1–22.

The DAO's motion is based on allegations that are tangential to the merits of this case; it does not suggest that there is any basis for recusal that impacts the Court's ability to impartially adjudicate Mr. Johnson's habeas petition. Mr. Johnson is likewise unaware of any actual or apparent bias that would prevent the Court from fairly adjudicating the merits of this case. Indeed, the Court has taken great care to explain that the recent proceedings are irrelevant to the substance of this action. *See, e.g.*, N.T. 9/1/2026 at 45–46 ("As I indicated, I couldn't go ahead with the merits hearing until I decided who was going to appear before me. And so it does seem to me that's the issues that I need to address.").

Mr. Johnson has consistently declined to take a position on anything relating to the DAO's continued involvement in this case. *See, e.g.*, Dkt. No. 167 at 1 ("Mr. Johnson takes no position on the discrete question of whether the DAO should remain involved in his federal habeas proceedings."). Mr. Johnson thus takes no position on this peripheral matter, which continues to distract from the merits of this case and his claims of innocence. He seeks only to proceed to the merits as expeditiously as possible.

Respectfully submitted,

/s/ Anne Fisher
Anne Fisher
Aren Adjoian
Federal Community Defender Office
for the Eastern District of Pennsylvania
The Curtis, Suite 545-W
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

/s/ Nilam A. Sanghvi
Nilam A. Sanghvi
The Pennsylvania Innocence Project
1515 Market Street, Suite 300
Philadelphia, PA 19102
(215) 204-4255

/s/ Amelia R. V. Maxfield
Amelia R. V. Maxfield
The Exoneration Project
126 C St. NW, Floor 2
Washington, DC 20001
(771) 221-0441

Dated: October 5, 2026

**CERTIFICATE OF SERVICE**

I, Anne Fisher, hereby certify that on October 5, 2026, I served a copy of this response on all counsel of record via the Court's CM/ECF system.

Respectfully submitted,

/s/ Anne Fisher
Anne Fisher