**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS JOHNSON,**<br>*Petitioner* | : | **CIVIL ACTION** |
| **v.** | : | |
| **SCOTT NICKELSON, et al.,**<br>*Respondents* | : | **NO. 15-4965** |

**<u>RESPONSE TO MOTION FOR RECUSAL</u>**

The Philadelphia District Attorney's Office (DAO) has moved for the recusal of this Court. Because the record demonstrates neutrality throughout an evolving landscape, the request should be denied.

By statute, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is warranted where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington*, 353 F.3d 211, 220 (3d Cir. 2003). An "objective appearance of bias, rather than bias-in-fact" is necessary. *United States v. Nobel*, 696 F.2d 231, 235 (3d Cir. 1982).

From the outset of these proceedings – beginning with this Court's order for a substantive evidentiary hearing – this Court demonstrated openness to requests for clarification, for adjustment to the scope of the proceedings, and later to fully exploring the circumstances of the mistakes in the DAO's habeas response and the allegations of conflict. It showed a willingness to adjust as the issues and evidence

evolved, particularly as related to the question of the DAO's potential conflict in this matter.

For example, early in this stage of the proceedings, where the intent of the Court was unclear, the defense sought clarification, which this Court readily provided. *See* ECF## 108, 110. If at any point thereafter, the DAO felt the scope or purpose of the proceedings needed crystallization, it could have (and should have) likewise sought clarification.

As the allegations evolved from errors in the DAO's filings, to individual conflicts of DAO attorneys, to potential conflict of the DAO itself, this Court properly adjusted its inquiry. *See* ECF #127 at 4 ("I cannot determine what has transpired. I do not know why Ms. Mason is no longer employed by the DAO. Nor do I understand what "conflict[s] of interest" burden the Four, or the "conflict of interest" Ms. Ernst and Mr. Wildberger allege burdens the entire District Attorney's Office."). It therefore ordered a hearing "at which these matters will be addressed. I expect, *inter alia*, to hear live testimony from [Mason, Stiegler, and the Four]." Id., at 5. Indeed, the DAO later admitted it understood this order to include addressing "potential conflicts of interest." ECF #138 at ¶7 fn. 7.

If there was any confusion after this order that the potential conflict of the DAO itself was at issue, the later Notice of Conflict filed by Ernst and Wildberger (ECF #135) brought the question into stark relief. The DAO sought no further clarification. Instead, it argued the merits of the question of a DAO conflict. ECF #138. It obviously understood that whether the DAO itself was conflicted from further participation in

this matter was at issue. The DAO's claimed confusion about the purpose of the proceedings, and use of that confusion as evidence of bias, is simply unsupported in the record.

The DAO likewise cannot establish that recusal is warranted by suggesting the Court limited the DAO's ability to put forth its own evidence or defend itself. First, the Court's order establishing the hearing stated it wanted to hear from "inter alia" six witnesses. ECF #127 at 5. That order acknowledged that other witnesses may also be presented.

If the DAO did not understand its ability to present all evidence it deemed necessary, the Court's later statements erased any doubt. First, during the second day of the hearing, the Court stated: "I'm not going to limit you, Mr. Gaeta, I don't know how long your examination is going to be". N.T. 7/17/26 at 100. Second, this same day the Court referred to the "witnesses I wished to hear from" (Id., at 4) – indicating only that these six were witnesses the Court deemed relevant, but in no way communicating that other witnesses would be impermissible. Third, at the end of the second day, this Court inquired about witnesses for the third day of the hearing: "There is going to be testimony from at least one other witness, Mr. Andrews." The Court then asked, "does OAG anticipate calling any witnesses?"; asked the DAO, "Mr. Gaeta, did you anticipate calling any witnesses?"; and asked the defense, "Ms. Fisher, do you anticipate calling any witnesses?" N.T. 8/27/26 at 180. Fourth, when the six witnesses this Court wished to hear from had concluded their testimony, this Court stated that it did not "wish to hear from any other witnesses" and then again asked

the parties and amicus if they wished to call any other witnesses. It inquired, "Mr. Gaeta, does the DAO wish to" call any other witnesses? N.T. 9/1/26 at 45. When all indicated that no further witnesses would be called, this Court concluded the hearing. Id.

Thus, far from preventing the DAO from making its case by limiting the witnesses at the hearing to only those the Court requested, the Court repeatedly provided the DAO opportunities to present District Attorney Krasner or any other witness it believed would be relevant. The DAO cannot now credibly paint its declination of this invitation as evidence of bias.

Then, despite the record of the proceedings being closed, in its Findings of Fact and Conclusions of Law, the DAO improperly attempted to introduce new evidence in the form of an ethics opinion. ECF #169-1. This attempt was twice deficient, as it tried to (1) impermissibly admit new evidence after the record was closed, *see, e.g., United States v. Watson*, 244 F. App'x 484, 487–88 (3d Cir. 2007) ("The right to testify must be exercised at the evidence-taking stage of trial. Once the evidence has been closed, whether to reopen for submission of additional testimony is a matter left to the trial court's discretion."), and (2) impermissibly substitute an unsworn declaration (not subject to cross examination) for live testimony, *see e.g., Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 473 (1962) ("Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of 'even handed justice.'") Despite these errors, the Court did not strike the extra-record evidence,

instead accepting and considering it. *See* Trial Court Op. at 34. This is hardly evidence of bias against the DAO.

In short, the DAO was idle throughout these proceedings. When other parties were confused, they sought clarification. The DAO claims confusion after the fact, but did nothing during those three months or when in person before this Court on three different dates to rectify its supposed confusion. The DAO claims bias in the form of this Court preventing the DAO and Krasner from presenting its side, but the record disproves this assertion. The DAO's instant attempt to recast its idleness as evidence of bias is transparent. The DAO and Mr. Krasner could have made their case. When they belatedly attempted to do so by substituting Green's declaration for live testimony, this Court permitted this disfavored approach.[1] ECF #173 at 34.

The DAO never suggested that any of the actions taken by this Court or the process by which the Court's questions were being addressed over the past few months gave the appearance of bias. Yet now, only after this Court has ruled against District Attorney Krasner (but the DAO),[2] is an argument about the appearance of bias made. This is suspect because "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they

[1] *See e.g., Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 473 (1962) ("Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of 'even handed justice.'").

[2] Claiming that this Court (at a minimum) appears biased against the DAO is particularly hard to understand given that this Court ruled that the DAO does not have a conflict necessitating transfer of this case to OAG.

display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Such a stringent standard certainly has not been met here.

The Third Circuit has admonished that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Where the DAO cannot argue bias based on this Court's ruling itself, it instead combs the history of the proceedings for such evidence. But as demonstrated supra, the record proves the opposite. This Court accepted and answered requests for clarification, explicitly made clear its intent to explore not only the cause of the errors in the DAO's response, but also the various potential conflicts, and repeatedly provided the DAO the opportunity to present whatever witnesses and evidence the DAO believed necessary and advantageous. The Court's actions demonstrate neither bias nor the appearance of it. The DAO's motion for recusal should be denied.

Respectfully submitted,

Susan E. Affronti
SUSAN E. AFFRONTI
Chief Deputy Attorney General

Catherine Kiefer
CATHERINE KIEFER
Senior Deputy Attorney General

John Boscia
JOHN BOSCIA
Senior Deputy Attorney General

Criminal Appeals & Grand Jury Section
Pennsylvania Office of Attorney General
1000 Madison Avenue, Suite 310
Norristown, PA 19403

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS JOHNSON,**<br>*Petitioner* | : | **CIVIL ACTION** |
| **v.** | : | |
| **SCOTT NICKELSON, et al.,**<br>*Respondents* | : | **NO. 15-4965** |

**CERTIFICATE OF SERVICE**

I, Susan E. Affronti, Chief Deputy Attorney General, hereby certify that on October 7, 2026, the foregoing was served through this Court's electronic filing system.

*Susan E. Affronti*
SUSAN E. AFFRONTI
Chief Deputy Attorney General