**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENNIS JOHNSON, Petitioner, | : | |
| v. | : | CIVIL ACTION |
| | : | No. 15-4965 |
| SCOTT NICKELSON, et al., Respondents. | : | |

**PETITIONER'S RESPONSE TO DISTRICT ATTORNEY'S MOTION FOR RECONSIDERATION**

Petitioner Dennis Johnson is currently serving a life sentence for the 2007 murder of Kenyatta Smith. He has consistently maintained his innocence and asserted significant violations of his constitutional rights. Before potential attorney conflict issues complicated this matter, this Court scheduled an evidentiary hearing for July 17, 2026, in which it requested to hear from Ozzie Clark, Jr., Amin Vicks, and Curtis Smith. *See* Dkt. Nos. 106, 110; *see also* N.T. 7/17/2026 at 7 (reiterating intent to hold a merits hearing).

Following the conclusion of the recent ancillary proceedings in this matter, the Court issued a Memorandum and Order finding, *inter alia*, that DA Larry Krasner and ADA Matthew Stiegler have a conflict of interest in this case and referring them to the United States Department of Justice for criminal investigation. *See* Dkt. Nos. 173, 174. The DAO subsequently filed motions to

reconsider that Order and to recuse the Court. *See* Dkt. Nos. 176, 177. Mr. Johnson responded to the recusal motion (Dkt. No. 179), noting that the DAO has not alleged any actual or apparent bias that would prevent the Court from impartially adjudicating the merits of this action and taking no position on the underlying request. As noted in Mr. Johnson's recusal response, he has consistently declined to take a position on the tangential issue of the propriety of the DAO's continued involvement in this case.

For similar reasons, Mr. Johnson declines to take a position on the DAO's reconsideration motion. However, he notes that, with this motion, the DAO seeks to take these proceedings even further afield of the merits of this action. While the DAO's recusal motion was based, in part, on an alleged apparent bias against the DAO as an entity (*see* Dkt. No. 177 at 1), the reconsideration motion focuses on the interests of DA Krasner and ADA Steigler *personally*.

The DAO seeks reconsideration of four rulings: 1) the Court's disqualification of DA Krasner on conflict grounds; 2) the Court's denial of ADA Jean Peters-Baker's request to appear *pro hac vice*; 3) the Court's striking of ADA Peters-Baker's proposed response; and 4) the Court's conclusion that DA Krasner and ADA Steigler may have engaged in criminal wrongdoing. *See* Dkt. No. 176 at 1–2. Not one of these four reconsideration requests has anything to do with the DAO as an entity, let alone the merits of this action. Requests one and four apply

only to DA Krasner's and/or ADA Steigler's personal interests on their face. And the Court's rulings regarding ADA Peters-Baker derived solely from DA Krasner's personal conflict. *See* Dkt. No. 173 at 35 ("Allowing Mr. Krasner to select his replacement would defeat the purpose of disqualifying him. Accordingly, I will deny Peters-Baker's Motion for *pro hac* admission and strike her recent filing.").

Mr. Johnson's long-awaited merits hearing was scheduled several months ago. He has patiently waited for the conclusion of this intervening matter. This Court's recent Order on conflicts issues should have been that conclusion. While Mr. Johnson does not feel it is his place to weigh in on the propriety of the DAO's or its individual staff members' involvement in this case, the personal interests of specific DAO personnel should not delay Mr. Johnson's opportunity to have his claims heard any further. To the extent those issues need further consideration, Mr. Johnson requests that they be addressed in a manner that does not delay resolution of his claims. This Court held that the DAO remains a proper party in this matter, so the core issue of which entity will represent the Commonwealth has been resolved regardless of the outcome of the DAO's reconsideration motion.

As he did in his recusal response, Mr. Johnson therefore takes no position on this peripheral matter, which again continues to distract from the merits of this case

and his claims of innocence. He reiterates his desire to proceed to the merits as expeditiously as possible.[1]

Respectfully submitted,

/s/ Anne Fisher
Anne Fisher
Aren Adjoian
Federal Community Defender Office
for the Eastern District of Pennsylvania
The Curtis, Suite 545-W
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

/s/ Nilam A. Sanghvi
Nilam A. Sanghvi
The Pennsylvania Innocence Project
1515 Market Street, Suite 300
Philadelphia, PA 19102
(215) 204-4255

/s/ Amelia R. V. Maxfield
Amelia R. V. Maxfield
The Exoneration Project

---

[1] While the Court has made clear that these ancillary proceedings are irrelevant to the merits of Mr. Johnson's case, the DAO has, with increasing stridency, defended its conduct on the ground that it was merely taking necessary steps to correct errors in its initial answer conceding relief. *See, e.g.*, Dkt. No. 181 at 1 (Reply in Support of Motion for Recusal) (referencing "serious errors in a years-old briefing that incorrectly conceded that Johnson was entitled to a new trial."). While Mr. Johnson has refrained from responding to these characterizations in light of the Court's assurances that the merits are not currently at issue, it bears repeating that he strenuously rejects the idea that any supposed misstatement in the DAO's original answer misled Magistrate Judge Sitarski into reaching the correct conclusion that relief should be granted. *See, e.g.*, Dkt. No. 120 at 16 (Response to Motion to Withdraw Response) ("[T]he Magistrate Judge issued a reasoned report and recommendation that clearly did not rely on any Commonwealth[] 'misstatements' in reaching the conclusion that Mr. Johnson was deprived of his Sixth Amendment right to effective counsel and recommending that he be granted a new trial."). Mr. Johnson is eager to move past this unrelated matter so that he can finally demonstrate to the Court that the grant of a new trial is the only appropriate outcome.

126 C St. NW, Floor 2
Washington, DC 20001
(771) 221-0441

Dated: October 13, 2026

**CERTIFICATE OF SERVICE**

I, Nilam A. Sanghvi, hereby certify that on October 13, 2026, I served a copy of this response on all counsel of record via the Court's CM/ECF system.

Respectfully submitted,

/s/ Nilam A. Sanghvi
Nilam A. Sanghvi