**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS JOHNSON,** **Petitioner,** | : | |
| **V.** | : | **Civ. No. 15-4965** |
| **SCOTT NICKELSON, ET AL.,** **Respondents.** | : | |

**Diamond, J.** **October 14, 2026**

# MEMORANDUM

In the last two years, the Third Circuit, this Court, and the Philadelphia Common Pleas Court have condemned as dishonest repeated post-trial concessions of relief made by the Philadelphia District Attorney's Office. See, e.g., Wharton v. Superintendent Graterford SCI, 95 F.4th 140 (3d Cir. 2024); Wharton v. Vaughn, Civ. No. 01-6049, 2022 WL 1488038 (E.D. Pa. May 11, 2022), aff'd sub nom., 95 F.4th 113; Wharton v. Vaughn, Civ. No. 01-6049, 2022 WL 4133291 (E.D. Pa. Sep. 12, 2022), aff'd sub nom., 95 F.4th 140; In re Appeal of Bochetto & Lentz, P.C., July Term 2021, No. 02373 (C.P. Phila. Mar. 17, 2025). The Pennsylvania Supreme Court was so concerned that it took the remarkable step of ordering all Philadelphia Common Pleas Judges to seek the Pennsylvania Office of Attorney General's intervention whenever the DAO made a post-trial concession, so that the Attorney General could confirm the concession's honesty. See Commonwealth v. Brown, 358 A.3d 469 (Pa. 2026).

The DAO's present post-trial concession is also remarkable: Here, four DAO supervisors credibly testified that the District Attorney himself and his lieutenant, Assistant District Attorney Matthew Stiegler, urged them to make false representations to this Court to "protect the office." According to "the Four," the District Attorney threatened them with "consequences" if they did

not. (Doc. No. 173 at 6, 18–22, 25–27.) Because these and related accusations, if true, could amount to criminal misconduct, I disqualified the District Attorney and Stiegler from participating further in this case and referred the matter to the Department of Justice for investigation. (Id. at 39.) In the DAO's newly-filed Motions and the District Attorney's unsworn "Declaration"—all of which generate more heat than light—the DAO seeks my recusal from all matters in which the Office appears and asks me to reconsider my rulings in this case. (Doc. Nos. 176–77.) I decline to do either.

## I. PROCEDURAL BACKGROUND

I set out here only a short summary of this case's lengthy history.

On September 30, 2009, a Philadelphia jury convicted Petitioner Dennis Johnson of second-degree murder, robbery, and a firearms offense for the 2007 killing of Kenyatta Smith. See Commonwealth v. Johnson, No. 2706 EDA 2013, 2015 WL 6169417, at *2 (Pa. Super. Ct. Feb. 23, 2015); 18 Pa. Cons. Stat. §§ 2502(b), 3701, 6101–6127. On November 2, 2010, the trial court sentenced Johnson to life imprisonment for the murder, and shorter concurrent terms for the other offenses. 2015 WL 6169417, at *2. Over the ensuing years, Johnson unsuccessfully sought appellate and collateral relief in the state courts. See Commonwealth v. Johnson, 121 A.3d 495 (Pa. 2015); Commonwealth v. Johnson, No. 1069 EDA 2017, 2018 WL 258903, at *2 (Pa. Super. Ct. Jan. 2, 2018); Commonwealth v. Johnson, 189 A.3d 991 (Pa. July 25, 2018). On September 2, 2015, Johnson filed in this Court a *pro se* Petition for Writ of Habeas Corpus, which was assigned to me. (Doc. No. 1); 28 U.S.C. § 2254. I stayed the matter until November 4, 2022, when, in a brief purportedly authored by Assistant District Attorney Jaclyn Mason, the DAO for the first time since the Smith murder conceded that relief should be granted. (Doc. No. 86 at 1–2.) On February

3, 2023, Magistrate Judge Sitarski recommended granting habeas relief on ineffectiveness grounds. (Doc. No. 89.)

After I scheduled an evidentiary hearing at which the OAG would participate, the DAO moved to withdraw its November 4 Concession because it contained "material misstatements." (Doc. Nos. 97, 118 at 3–4.) The Motion to Withdraw was signed by the Four, each of whom subsequently withdrew his or her appearance. (See Doc. Nos. 118 at 8; 123–26.) The Withdrawal of Appearance Form jointly submitted by two of the Four—ADAs Katherine Ernst and Steven Wildberger—stated that they "believe, based on their best professional judgment, that the Philadelphia District Attorney's Office may have a conflict of interest in this case." (Doc. No. 123.) They subsequently repeated this allegation, this time adding that the District Attorney could also have a conflict. (Doc. No. 135.)

In light of these conflict allegations, I deferred decision on the merits and ordered a hearing at which I would hear the testimony of Mason, ADA Matthew Stiegler, and the Four. (Doc. Nos. 141, 160, 165.) During the August 27 hearing session, I asked if any Party wished to call witnesses; none did. (Doc. No. 160 at 180:7–15.) On September 1, after the six witnesses I called had concluded their testimony, I stated that I did not need to hear from any other witnesses, but again asked counsel for each Party if he or she wished to call any witnesses; again, none did. (Doc. No. 165 at 45:2–11.) I then ordered the Parties to submit Proposed Findings and Conclusions. (Doc. No. 164.)

On September 15, 2026, I issued a Memorandum disqualifying the District Attorney and Stiegler from this case on conflict grounds and referred the matter to the DOJ for investigation. (Doc. No. 173.) I denied the OAG's request that I disqualify the entire DAO. (Doc. No. 168.)

## II. LEGAL STANDARDS

### A. Recusal

A judge of the United States must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see Liteky v. United States, 510 U.S. 540, 548 (1994). In making this determination, a distinction is drawn between purported bias resulting from "a source outside judicial proceedings," and bias purportedly arising from prior proceedings before the judge in question. Litecky, 510 U.S. at 554. In the latter circumstance, the party seeking recusal bears the burden of proving that "the Judge's opinions and remarks . . . reveal a deep-seated or high degree of favoritism or antagonism that would make fair judgment impossible." United States v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007) (citing Liteky, 510 U.S. at 555–56) (internal quotations omitted). Disagreement with a judge's rulings is not a basis for recusal. See Liteky, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ."); Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990)) ("[D]isagreement with the legal conclusions reached by the district judge . . . do[es] not support a suggestion of partiality.")

### B. Reconsideration

The moving party must show either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is allowed only "sparingly because of the interests in finality and conservation of

scarce judicial resources." Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992).

As with recusal, the moving party's "mere disagreement" with the Court's decision is not a basis for reconsideration. Meachum v. Temple Univ. of the Commw. Sys. of Higher Educ., 56 F.Supp.2d 557, 557 n.2 (E.D. Pa. 1999) (citing Bermingham v. Sony Corp. of Am., 820 F. Supp. 834, 856 (D.N.J. 1992)). Once again, the moving party bears a substantial burden that cannot be satisfied through "recapitulation of the cases and arguments considered by the court before rendering its original decision." Young Jewish Leadership Concepts v. 939 HKH Corp., Civ. No. 93-2643, 1994 WL 184410, at *1 (E.D. Pa. May 10, 1994) (citation omitted). "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations and citations omitted).

## III. DISCUSSION

### A. Recusal

During the three-day hearing before me, the DAO failed to object to virtually all the rulings and actions it now challenges. That the Office chose to object only ***after*** the Court issued a decision unfavorable to the District Attorney and his lieutenant confirms that the DAO merely disagrees with those rulings. See In re Kensington Int'l Ltd., 368 F.3d 289, 294 (3d Cir. 2004) (the timeliness requirement mitigates the risk that litigants would use recusal motions for strategic purposes); Cooney v. Booth, 262 F. Supp. 2d 494, 504 (E.D. Pa. 2003), aff'd sub nom. Cooney ex rel. Cooney v. Booth, 108 F. App'x 739 (3d Cir. 2004) (denying recusal motion brought "only after the Third Circuit denied the appeal and the court denied the motion to reopen its previously entered

judgment"); United States v. Furst, 886 F.2d 558, 580 (3d Cir. 1989) ("What [the moving party] wants is not recusal from future proceedings but the nullification of everything that went before.") (quoting United States v. Murphy, 768 F.2d 1518, 1539 (7th Cir. 1985)); Anderson v. Baritz, Civ. No. 24-2095, 2025 WL 3539231, at *2 (E.D. Pa. Dec. 10, 2025) (denying motion by a litigant who had a repeatedly sought the disqualification of judges only after they ruled against her); cf., Rohm & Haas Co. v. Cont'l Cas. Co., 732 A.2d 1236, 1261 (Pa. Super. Ct. 1999), aff'd, 781 A.2d 1172 (2001) ("A party seeking recusal must assert specific grounds in support of the recusal motion before the trial judge has issued a ruling on the substantive matter before him or her.") (citation omitted).

The Office challenges my noting that the District Attorney neither testified nor offered an affidavit in response to the Four's testimony—on which I based my disqualification order and DOJ referral. (Doc. No. 177 at 11–13.) I do not credit the District Attorney's absurd suggestion that he did not know he could testify—especially after I twice asked DAO counsel if he wished to call any witnesses. (Doc. No. 160 at 180:7–15; Doc. No. 165 at 45:2–11.) Nor has the District Attorney explained why he did not offer a responsive affidavit, which would have required the declarant to tell the truth (under penalty of false swearing). The Office thus cannot truthfully dispute that the District Attorney chose not to give his version of events in Court under oath. The DAO's apparent belief that this tactical choice was reasonable hardly warrants recusal.

Finally, the DAO believes that I should have been leerier of Mason's testimony—the various corroborative documents notwithstanding—and more responsive to the uncorroborated, dubious testimony of Stiegler. (Doc. No. 177 at 13–17.) Again, disagreement with my credibility determination is not a basis for recusal. Liteky, 510 U.S. at 555 ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do

not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."); Wecht, 484 F.3d at 220–21 (recusal not warranted despite the court's "skewed and unfair reading of the record").

The other arguments the DAO raises do not warrant discussion.

Accordingly, I will deny as frivolous the Motion for Recusal. (Doc. No. 177.)

**B. Reconsideration**

The DAO does not discuss or even mention the burden and criteria a party seeking reconsideration must meet. (See generally Doc. No. 176.) Rather, as it did in seeking my recusal, the Office urges me to revisit my rulings because it disagrees with them. (Id. at 3–4, 22.) Once again, that disagreement does not warrant reconsideration. Geatti v. AT & T, 232 F. App'x 101, 104 (3d Cir. 2007) ("Appellant's disagreement with the outcome of the District Court's opinion is not the proper basis for a motion for reconsideration."); Gavaghan v. Said, Civ. No. 12-6389, 2013 WL 3367267, at *2 (E.D. Pa. July 3, 2013) ("[A] motion for reconsideration is not a mechanism to set forth arguments that should have been raised prior to an entry of Judgment."); Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002) ("A motion for reconsideration is not properly grounded on a request that a court reconsider repetitive arguments that have fully examined by the court.") (citation omitted).

I will not discuss here every protest the Office makes to virtually all my rulings, my credibility determinations, and (once again) my reference to the District Attorney's silence in the face of damning testimony from his own employees and former employee. (Doc. No. 176 at 3–7, 20–22.) In his belated, unsworn "Declaration" the District Attorney attacks three of these witnesses as unworthy of belief. (Doc. No. 176-1 at 4–8.) This after-the-fact attempt to cram "evidence" into a closed record seems intended to persuade the media, not the Court. In any event,

the evidence is unpersuasive and does not warrant reconsideration. Howard Hess Dental Labs. v. Dentsply Int'l., Inc., 602 F.3d 237, 252 (3d Cir. 2010) ("[N]ew evidence, for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.") (internal quotations omitted); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Accordingly, I will again deny the DAO's frivolous Motion. (Doc. No. 176.)

## IV. CONCLUSION

Four of the District Attorney's supervisors offered powerful, unrebutted testimony that their boss and Stiegler urged them to misrepresent to this Court. When the Four told the District Attorney that he had thus created a conflict compelling them to inform the Court and withdraw from this case, he threatened them with "consequences." There are few attorney transgressions more serious than lying to the Court, urging others to do so, or threatening them should they tell the Court the truth. Chambers v. NASCO, Inc., 501 U.S. 32, 41–42 (1991) (condemning "misleading and lying to the Court" as "acts which degrade the judicial system"); Sofaly v. Portfolio Recovery Assocs., LLC, 155 F.4th 289, 292 (3d Cir. 2025) ("Courts depend on lawyers' honesty. Lies, misrepresentations, even half-truths corrode the rule of law."). If this in fact

occurred, it is all the more serious because it occurred ***after*** four Courts condemned the DAO's conduct in circumstances like those presented here. Disqualifying the District Attorney and Stiegler and referring them for investigation is thus reasonable and warranted. That the District Attorney chose not to testify but sought to "make his case" with an unsworn declaration—the credibility of which I am unable to assess—makes that investigation even more necessary. Although Mr. Krasner may yet have the opportunity to testify under oath in another forum, his intemperate filings provide no basis for recusal or reconsideration of my rulings.

An appropriate Order follows.

**By the Court:**

***/s/ Paul S. Diamond***
**Paul S. Diamond, J.**